[Civ. No. 7680. First Appellate District, Division One.—July 20, 1931.]

JAMES CONNER, Respondent, v. PACIFIC READY CUT HOMES, INC. (a Corporation), Appellant; and Consolidated Cases.

Andrew J. Copp, Jr., for Appellant.

Glen Behymer and G. H. Wende for Respondents.

PARKER, J., *pro tem.*—The case above entitled was consolidated for trial with some twenty-five other cases involving the same property and the same questions. Pursuant to the stipulation of counsel the determination of this, case concludes the others. In some of the cases the defendant above named was the plaintiff, with some of the individual plaintiffs in the remaining cases made defendants. The cases wherein the status of the present defendant and appellant was defendant were in the nature of actions to quiet title; the cases wherein the present defendant appeared as plaintiff were actions to foreclose liens upon the respective parcels of property described.

In all of the actions, however, as far as this appellant is concerned, the main question was the validity of the asserted

claim of lien. We may remark, in passing, that the record comes before us in a most unsatisfactory manner. Appellant presents but one question, namely, the claim of estoppel as against the original owner and contractor. Yet the findings disclose that the trial court made several general findings, unquestioned here, which might support the judgment even though it be found that the court was in error on the only point presented to us for determination. However, as it will hereinafter appear, it is not necessary to catalog the findings or detail the extent thereof. We will confine ourselves to the one point urged and if an examination thereinto discloses that the trial court was not in error appellant concedes that the judgment should be affirmed. Yet, by way of forewarning, in case sufficient has not already been said by all of the appellate courts and by the Supreme Court on the subject, it may be well to call the attention of the bar to the fact that the mere mechanical perfecting of an appeal is not all that is required in order that the reviewing court may examine carefully into extended volumes of clerks' and reporters' transcripts.

Coming directly to the controversy before us, a brief summary of the facts will better serve to illustrate the claims made. Milton Hesse was a contractor and builder in the county of Los Angeles. His activities encompassed many projects and covered a variety of enterprises, though mostly confined to the building and selling of residences. For some time prior to the transaction under discussion he had dealt with the appellant, procuring from the latter building materials and supplies for use in his various projects. In the summer of 1926 he began the construction of the houses on the properties here involved. The record before us falters somewhat in the presentation of the actual facts at this point. Some doubt is cast upon the claim that materials were delivered to the properties. It is shown that a considerable quantity of lumber was delivered to one of the lots of the tract, but likewise is there evidence to the effect that some of this was carted away to distant work and the general finding that all of this material was not used in the buildings seems to have support in the evidence. For the purposes of the appeal it is admitted that all work ceased on the buildings, as far as Hesse was concerned, on or about the 2d of November, 1926, and that the finding

to the effect that the work was at that time abandoned is not without sufficient evidence for its support. It is further admitted that the claim of lien was filed at a period subsequent thereto and at a time when the claim of lien was barred by limitation, unless preserved as hereinafter contended. No notice of completion was ever filed. And here it might be noted that, while Milton Hesse was the owner of the property, he did, for the purpose of becoming the contractor, make and execute a deed of the premises to Nettie Lee Hesse, his sister-in-law, which deed all parties admit to have been merely by way of convenience. To repeat, appellant concedes that its claim of lien was filed too late to entitle it to foreclosure if the defense of limitation were open to respondent. But, contends appellant, the Hesses, both Milton and Nettie Lee, and the respondent claiming under them, are estopped to set up this defense. This contention is based upon the conduct of the Hesses. It is appellant's claim that by a course of conduct, planned to that end, Milton Hesse and Nettie Lee Hesse lulled appellant into a sense of security by representing the continuation of the work and the progress thereon to the end that appellant forbore its lien rights under the belief that no time limitation was operating against it. While there is a semblance of conflict in the evidence on the point of representations made by the Hesse group, we may concede that this conflict is more apparent than real and that if no other question were to be solved save that of representations it could readily be determined that such representations as claimed were made. However, the circumstances under which the same were made would have a controlling bearing upon the case. ■ And here we may stop to note that the limits of investigation permissible to a trial court are not always confined to the exact words of testimony as adduced. The trial court may draw from the evidence the natural inferences of which the evidence is susceptible and if more than one inference may be drawn or if conflicting conclusions may result, a reviewing court will adopt such logical inferences as tend to support the judgment.

■ Coming back to the facts, it has already been noted that there had been and were at the times under examination other business dealings between Hesse and appellant, as a result of which Hesse stood indebted to appellant

on obligations other than those resulting from the transaction with which we deal. The record discloses negotiations toward a settlement between them· The buildings and premises against which the claim of lien is here asserted were progressing slowly on account of lack of finances and, uncompleted, were not attractive for sale or security upon which funds could be obtained. There is abundant evidence to indicate that appellant was anxious to secure payment of the sums due without risking the delay or panic incident to legal proceedings. The evidence further discloses that the representative of appellant, a Mr. Power, admitted to be the one to whom the entire matter had been entrusted, was at all times in the closest touch with all operations. Without detailing the same, there is more than sufficient evidence to have convinced the trial court, and as that court found, that Power knew exactly what was taking place on the premises and what work was being done and when it stopped. Although he was in this almost continuous contact, appellant claims that he did not believe what he saw, but relied upon what he was told by the Hesses. While the progress of the work was thus being noted by appellant, it became apparent that the lien rights were being jeopardized. And with the condition well known, appellant exacted a statement from Hesse to the effect that there was not a cessation or abandonment and that there would not be a discontinuance of the work. Hesse promised or assured appellant that he would carry on sufficient to keep the lien rights alive. Then appellant secured from both Milton Hesse and Nettie Lee Hesse an affidavit to the effect that the work was continuing sufficient to keep alive the liens.

The specific and controlling finding of the trial court is that the appellant had full knowledge of the conditions existing and was in nowise misled or deceived by the statements of either Hesse or the statements of both of them; that the actions of the appellant were with full and independent knowledge on its part; that if any representations were made by the Hesses concerning the continuation of the work on the premises (as alleged by the appellant in the court below), the appellant knew the same to be false: further, in the same finding, that appellants had equal or superior knowledge and means of knowledge of the facts, as to the cessation of labor, as was had by Milton or Nettie Lee

Hesse. As stated hereinbefore, the evidence amply supports this finding. The transcript of testimony before us, scantily referred to by appellant, contains some thirteen hundred pages of testimony in addition to a clerk's transcript of almost four hundred pages. Though we have carefully read the transcript, we regard it as wholly unnecessary to detail this mass of evidence in an attempt to demonstrate the correctness of the conclusion reached by the trial court. From the finding as made, the court below held that no estoppel existed and this was the only conclusion that the finding would support.

The law of the case is not in dispute. Appellant, in its brief, concedes that among the essentials necessary to the creation of an estoppel are the following: namely, the statements must have been made with the intention that the other party should act upon them; the party to whom they were made must have been ignorant of the truth of the matter; he must have been induced to act upon them to his detriment. These principles of estoppel were announced in the ancient case of *Biddle Boggs* v. *Merced Min. Co.,* 14 Cal. 279, and have been consistently adhered to throughout a long line of decisions. The subject is fully discussed and the authorities cited in California Jurisprudence, volume 10, beginning at page 627. The authorities there cited support the text, which reads as follows: "It is an essential element of an estoppel by conduct that the party asserting it must be ignorant of the true state of facts, and should have relied upon the representation or admission of the adverse party." (10 Cal. Jur. 636, 637.)

In the case before us it is manifest that appellant was endeavoring to make the best of a rather bad situation. It was doubtful whether or not all of the material furnished was used in the buildings upon which lien was claimed; there was continuing hope that the indebtedness existing could and would be adjusted in other ways and by means of loans which it would have been impossible to secure after a lien filed. Even when the conditions were apparent, from which it appeared that the claim of lien was being jeopardized, appellant still remained with the hope of satisfactory and full adjustment, but, in order to meet any possible hitch in the plan, prepared statements showing a condition of construction already known to be untrue and

procured the affidavits of the Hesses thereto solely for the purpose of establishing an estoppel against a defense which appellant had knowingly permitted to arise. The underlying principle of estoppel, in all of its varieties, is to prevent a wrong being inflicted. This is something quite different from the creation of a situation whereby the law may be distorted to the end that all legal rights may be swept aside to permit individual gain.

It is our opinion that the judgment should be affirmed, and it is so ordered.

Tyler, P. J., and Knight, J., concurred.